UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CLYDE THOMAS,

        Petitioner,

v.                                        CASE NO. 05-CV-72894-DT
                                        HONORABLE BERNARD A. FRIEDMAN

RAYMOND D. BOOKER,

        Respondent.
_____/

## OPINION AND ORDER
## DISMISSING HABEAS CORPUS PETITION
## AND
## DENYING A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Richard Clyde Thomas has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Respondent urges the Court to dismiss the habeas petition for failure to comply with the statute of limitations. The Court agrees that the habeas petition is untimely. Therefore, the petition will be dismissed.

### I. Background

On May 6, 1991, a circuit court jury in Wayne County, Michigan found Petitioner guilty of one count of first-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520b, two counts of second-degree CSC, MICH. COMP. LAWS § 750.520c, and one count of assault with intent to commit second-degree CSC, MICH. COMP. LAWS § 750.520g(2). The trial court sentenced Petitioner to life imprisonment for the first-degree CSC conviction, ten to fifteen years for the two second-degree CSC convictions, and three to five years for the assault conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, and on September 30, 1994,

the Michigan Supreme Court denied leave to appeal. *See People v. Thomas*, 447 Mich. 973; 523 N.W.2d 631 (1994) (table).

On or about July 3, 2002, Petitioner filed a motion for relief from judgment. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D)." *People v. Thomas*, No. 253726 (Mich. Ct. App. Aug. 20, 2004). On May 31, 2005, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Thomas*, 472 Mich. 913; 696 N.W.2d 722 (2005) (table).[1]

Petitioner's habeas corpus petition is dated July 18, 2005. The grounds for relief allege that (1) the trial court abused its discretion when handling Petitioner's motion for relief from judgment, (2) Petitioner's appellate attorney was ineffective on direct review, (3) the life sentence is invalid, (4) the trial court erred in instructing the jury on personal injury, (5) an officer's rebuttal testimony was reversible error, (6) trial and appellate counsel were ineffective, and (7) a remand is necessary because justice has not been done. Respondent argues in a motion to dismiss the habeas petition that these claims are barred from substantive review because Petitioner did not comply with the statute of limitations.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted on April 24, 1996. Among other things, it established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

---

[1] Justice Marilyn Kelly voted to grant leave to appeal.

>    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's direct appeal came to an end on September 30, 1994, when the Michigan Supreme Court denied leave to appeal. His conviction became final ninety days later on December 29, 1994, when the deadline expired for filing a petition for the writ of certiorari in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), and Sup. Ct. R. 13). Because Petitioner's conviction became final before the AEDPA was enacted on April 24, 1996, there was a grace period of one-year, or until April 24, 1997, to file his habeas petition. *Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *reversed on other grounds*, 530 U.S. 1257 (2000). Petitioner did not file his habeas corpus petition until July of 2005. Therefore, the habeas petition is untimely, absent tolling.

### A. Statutory Tolling

The period of limitations is tolled while a prisoner's properly-filed motion for post-conviction review is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner filed his post-conviction motion for relief from judgment in 2002. The motion did not affect the statute of

3

limitations, because the one-year limitations period expired before Petitioner filed his motion. *Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir. 2002). The motion did not delay the date on which Petitioner's conviction became final, *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), and the state court's resolution of the motion did not restart the limitations period, *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001). Thus, statutory tolling under § 2244(d)(2) does not benefit Petitioner.

### B.  Equitable Tolling

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *Pace v. DiGuglielmo*, 544 U.S. 408, __, 125 S. Ct. 1807, 1814 n.8 (2005), but the United States Court of Appeals for the Sixth Circuit has stated that the habeas statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and that equitable tolling applies to the one-year limitation period. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001).   A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 125 S. Ct. at 1814. In this Circuit, equitable tolling is appropriate only "after a court has properly considered and balanced the factors set out in *Andrews v. Orr,* [851 F.2d 146 (6th Cir. 1988)] unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.

> In applying this test, [courts] look to the following five factors:  (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Id*. at 1008.  These factors are not necessarily comprehensive and they are not all relevant in all cases.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner does not allege that he lacked notice or constructive knowledge of the filing requirement. He also has not shown that he was diligent in pursuing his claims or that ignorance of the filing requirement was reasonable.

Petitioner does allege that he made repeated attempts to acquire the transcripts in his criminal case. However, he admits that he made his last request on August 2, 1995, and that he finally was able to obtain a copy of his state court record.

An exhibit to the habeas petition indicates that, on November 22, 1993, Petitioner wrote to his attorney, thanking her for recently sending transcripts to him. Another exhibit consists of the trial court's cover letter notifying Petitioner that transcripts of the trial court's proceedings were enclosed. The letter is dated August 2, 1995.

Petitioner apparently received the necessary transcripts before the AEDPA became law and long before the one-year limitations period expired. Therefore, he should have been able to file his motion for relief from judgment and subsequent habeas petition earlier.

The Court concludes that Petitioner is not entitled to equitable tolling of the statute of limitations. In addition, there is no basis for concluding that Petitioner was impeded from filing his habeas petition by state action. *Cf.* 28 U.S.C. § 2244(d)(1)(B).

### III. Conclusion

The habeas petition was not filed within one year of April 24, 1996, and equitable tolling

is not appropriate here. Accordingly, Respondent's motion to dismiss [Doc. #7, Jan. 31, 2006] is GRANTED, and the habeas petition [Doc. #1, July 22, 2005] is dismissed as time-barred. The Court DECLINES to issue a certificate of appealability or to grant leave to appeal *in forma pauperis*, because reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

             _____s/Bernard A. Friedman_____
             BERNARD A. FRIEDMAN
             CHIEF UNITED STATES DISTRICT JUDGE

DATE: _ March 31, 2006_____